| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | |

10CV019746

AARON BUCKNER, ALLISON BUTLER, )
JACK CLIFFORD ELLIOTT, CHAD )
GOUDY, JOSHUA O'DELL and )
AMY RULLIS, )
                              )
        Plaintiffs, )
                              )        **COMPLAINT**
                              )      (Jury Trial Demanded)
v. )
                              )
NORTH CAROLINA CULINARY )
VENTURES, LLC d/b/a AN NEW )
WORLD CUISINE RESTAURANT and )
MICHAEL CHUONG, )
                              )
        Defendants. )

COME NOW Plaintiffs Aaron Buckner, Allison Butler, Jack Clifford Elliott, Chad Goudy, Joshua O'Dell and Amy Rullis (collectively, the "Plaintiffs") and complain as follows against Defendants North Carolina Culinary Ventures, LLC d/b/a An New World Cuisine Restaurant and Michael Chuong.

## PRELIMINARY STATEMENT

1.     This is an action seeking the recovery of, *inter alia*, (i) unpaid wages, liquidated damages, attorneys' fees, costs, and interest thereon based upon Defendants' violations of state (and, alternatively, federal) wage and hour law; and (ii) damages against Defendants for breach of contract; intentional infliction of emotional distress; negligent misrepresentation; negligent retention; and negligent supervision.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to N.C. Gen. Stat. § 7A-243 as the amount in controversy in this case exceeds fifteen thousand dollars ($15,000).

3. Venue over this action lies in this Court because the Plaintiffs, and each of them, resided and were employed by Defendants in Wake County; Defendants transact business in Wake County; and the acts and omissions that are the subject of this lawsuit transpired in Wake County.

## PARTIES

4. At all relevant times, Plaintiffs Aaron Buckner, Alison Butler, Jack Clifford Elliott, Chad Goudy and Amy Rullis (all of whom are Caucasian), and each of them, have been residents and citizens of Wake County, North Carolina. Defendants employed the Plaintiffs as waiters/waitresses or as other customarily-tipped employees.

5. At all relevant times, Plaintiff Joshua O'Dell, Caucasian, has been a resident of Orange County, North Carolina. Defendants employed the Plaintiff as a waiter or as another customarily-tipped employee.

6. Defendant North Carolina Culinary Ventures, LLC is a corporation organized, on information and belief, under the laws of the State of North Carolina. It owns and operates An New World Cuisine Restaurant ("AN"), located at 2800 Renaissance Park Plaza, Cary, North Carolina 27513. At all material times, AN conducted business solely in the State of North Carolina. At all relevant times, North Carolina Culinary Ventures, LLC, acting through its authorized agents and employees, had and exercised the power to direct, control, supervise and/or determine each Plaintiff's terms and conditions of employment, including the rate and method of any wages and tips paid to the Plaintiffs.

2

7.      Defendant Michael Chuong is an owner of AN and, at all relevant times, served as AN's head chef. At all relevant times, Mr. Chuong had and exercised the power to direct, control, supervise and/or determine each Plaintiff's terms and conditions of employment, including the rate and method of any wages and tips paid to the Plaintiffs.

## FACTUAL ALLEGATIONS

8.      The Plaintiffs were and/or are employed as waiters/waitresses or in another customarily-tipped positions by Defendants in Wake County, North Carolina.

9.      At all relevant times, Defendants paid each Plaintiff at an hourly wage rate that was less than that required by federal and state law.

10.     At all relevant times, Defendants willfully and intentionally required each Plaintiff to participate in a tip pooling arrangement whereby each Plaintiff received less tip monies than the amount required by federal and state law.

11.     At all relevant times, Defendants applied random and inconsistent tip-pooling arrangements to each Plaintiff, without providing the requisite notice of such arrangements and without advising them of the tip credit provisions contained in federal and state law.

12.     At all relevant times, the tip pooling arrangements utilized by Defendants were invalid under federal and state law, including for purposes of taking any purported "tip credit" towards Defendants' minimum wage obligations.

13.     At all relevant times, and pursuant to Defendants' tip pooling arrangements: (i) tips that were the property of each Plaintiff were re-distributed to Defendants' managers and/or other employees who do not customarily or regularly receive tips; and/or (ii) each Plaintiff received substantially less than one hundred percent (100%) of the tips he/she earned.

3

14. At all relevant times, Defendants: (i) knew that their tip pooling arrangements were invalid, including for purposes of taking any purported "tip credit"; and/or (ii) showed reckless disregard for whether their conduct violated federal and state wage and hour statutes.

15. At all relevant times, Defendants failed to pay each Plaintiff all of the wages and tips accruing to him/her on his/her regular payday, in violation of federal and state law.

16. Throughout their employment at AN, each Plaintiff routinely worked more than forty (40) hours per week. On numerous occasions, each Plaintiff was not, however, paid the requisite overtime rate for hours he/she worked exceeding forty (40) hours per week, in violation of federal and state law.

17. On information and belief, Defendants have failed to make and preserve adequate records regarding employee wages, hours and other conditions of employment, as required by federal and state law.

18. At all relevant times, each of the Plaintiffs was an experienced waiter/waitress qualified to perform exceptional service in a restaurant environment.

19. In pre-employment representations, Defendants' agents and/or managers made material, false representations to each Plaintiff to induce him/her to accept employment with Defendants at AN.

20. Defendants' agents and/or managers acted within the scope of their job responsibilities and pursuant to their authority as Defendants' agents/managers, so that their actions and omissions are imputed to Defendants.

21. To induce the Plaintiffs to accept employment at AN, Defendants promised each Plaintiff that he/she would earn at least $40,000 a year due to the amount of tips he/she would receive and that each Plaintiff would be paid in accordance with federal and state wage and hour

4

law. Defendants knew or should have known that these representations were false at the time they made them.

22. Based upon their reasonable reliance on Defendants' pre-employment representations, each Plaintiff accepted Defendant's offer of employment as a waiter/waitress under the terms set forth in Defendant's pre-employment representations.

23. Contrary to Defendants' pre-employment representations and due to, among other things, Defendants' mandatory tip-pooling arrangements, each Plaintiff was paid substantially less than the monies promised to him/her.

24. On numerous occasions, the Plaintiffs, and each of them, complained to Defendants' managers, including Mr. Chuong himself, about Defendants' improper and inconsistent tip-pooling arrangements. Defendants ignored the Plaintiffs' complaints and did nothing to remedy the improper tip-pooling arrangements. On one occasion, Mr. Chuong responded to one of the Plaintiff's complaints by stating words to the effect that, "I can pay you whatever I want."

25. Some or all of the Plaintiffs also complained to Vi Chuong, Mr. Chuong's daughter and the Human Resources Manager for Defendants. On information and belief, Ms. Chuong had no prior experience in human resources before becoming Defendants' human resources manager. Ms. Chuong ignored the Plaintiffs' complaints and did nothing to remedy the improper tip-pooling arrangements.

26. Defendants retaliated against each Plaintiff for complaining about the improper tip-pooling arrangements. Such retaliatory actions included, but were not limited to: (i) reassigning some or all of the Plaintiffs to less profitable sections of the restaurant; (ii) threatening to remove some or all of the Plaintiffs from the work schedule altogether; and (iii)

maintaining a hostile working environment.

27. Throughout their employment, Mr. Chuong engaged in extreme and outrageous conduct towards each of the Plaintiffs. Such conduct included, but was not limited to: (i) repeatedly cursing at and belittling the Plaintiffs in private meetings and in front of other employees and customers; (ii) using hostile, racial language towards non-Asian employees (including the Plaintiffs) and non-Asian customers that each Plaintiff found to be offensive; and (iii) threatening to fire each Plaintiff, even in instances where he/she had done nothing wrong.

28. On numerous occasions, the Plaintiffs, and each of them, complained to Defendants' managers (including Human Resources manager Vi Chuong) about Mr. Chuong's abusive behavior. Defendants ignored the Plaintiffs' complaints and did nothing to remedy Mr. Chuong's extreme and outrageous conduct.

29. Defendants retaliated against each Plaintiff for complaining about Mr. Chuong's extreme and outrageous behavior. Such retaliatory actions included, but were not limited to: (i) reassigning some or all of the Plaintiffs to less profitable sections of the restaurant; (ii) threatening to remove some or all of the Plaintiffs from the work schedule altogether; (iii) continuing to subject the Plaintiffs to a hostile working environment; and (iv) terminating and/or constructively discharging Plaintiffs Cliff Elliott, Aaron Buckner, Allison Butler and Chad Goudy.

30. As a result of Defendants' conduct, each Plaintiff has suffered severe and/or disabling emotional, physical and/or mental distress.

## FIRST CLAIM FOR RELIEF
(N.C. State Law--Failure to Pay Wages & Tips)

31. Paragraphs 1 through 29 above are realleged and incorporated herein by reference.

6

32. North Carolina Culinary Ventures, LLC, Michael Chuong and/or AN were and are employers subject to the requirements of the North Carolina wage and hour statutes.

33. In conducting AN's business, the Defendants are not an enterprise engaged in commerce or the production of goods for commerce as defined in the FLSA.

34. As a direct and proximate cause of the actions alleged herein, Defendants failed to pay each Plaintiff all wages and tips accruing to him/her on his/her regular payday in violation of state law, including N.C. Gen. Stat. § 95-25.6 and 13 N.C.A.C. Part 12 §.0303(h)(2).

35. As a direct and proximate cause of the actions alleged herein, Defendants failed to pay each Plaintiff all overtime wages accruing to him/her on his/her regular payday in violation of state law, including N.C. Gen. Stat. § 95-25.4.

36. As a result of Defendants' actions, which violated the rights of each Plaintiff, the Plaintiffs have suffered and/or will suffer damages in the form of unpaid wages and tips that may be recovered under state law, including N.C. Gen. Stat. § 95-22(a), in a sum in excess of fifteen thousand dollars ($15,000.00).

37. Pursuant to N.C. Gen. Stat. § 95-22(a1), each Plaintiff is entitled to payment of liquidated damages.

38. Each Plaintiff is further entitled to recover attorneys' fees, costs, disbursements and interest as provided by law.

## SECOND CLAIM FOR RELIEF
(Alternative Claim For Relief Pursuant To N.C. R. Civ. P. 8(e)(2))
(Fair Labor Standards Act—Failure to Pay Wages & Tips)

39. Paragraphs 1 through 37 above are realleged and incorporated herein by reference.

40. As an alternative basis for relief, and to the extent that in conducting AN's

7

business, Defendants are deemed to be engaged in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Plaintiffs bring the following claims under the FLSA.

41. As a direct and proximate cause of the actions alleged herein, Defendants failed to pay each Plaintiff all wages and tips accruing to him/her on his/her regular payday in violation of the FLSA.

42. As a direct and proximate cause of the actions alleged herein, Defendants failed to pay each Plaintiff all overtime wages accruing to him/her on his/her regular payday in violation of the FLSA.

43. As a result of Defendants' actions, which violated the rights of each Plaintiff, the Plaintiffs have suffered and/or will suffer damages in the form of unpaid wages and tips that may be recovered under the FLSA, in a sum in excess of fifteen thousand dollars ($15,000.00).

44. Pursuant to the FLSA, each Plaintiff is entitled to payment of liquidated damages.

45. Each Plaintiff is entitled to recover attorneys' fees, costs, disbursements and interest as provided by law.

### THIRD CLAIM FOR RELIEF
(Negligent Misrepresentation)

46. Paragraphs 1 through 44 above are realleged and incorporated herein by reference.

47. Defendants provided information to each Plaintiff concerning the terms and conditions of his/her employment, including in particular the amount of wages and tips that he/she would receive. Defendants also represented that they would pay each Plaintiff his/her wages and tips in accordance with federal and state law.

48. Defendants intended for each Plaintiff to rely on this information for guidance in

8

deciding whether to accept employment with Defendants.

49. The information Defendants provided to each Plaintiff, as alleged herein, was false.

50. Defendants failed to exercise reasonable care or competence in obtaining or communicating the false information to each Plaintiff.

51. Each Plaintiff actually relied upon the false information provided to him/her by Defendants in deciding to accept Defendants' offer of employment.

52. Each Plaintiff's reliance upon the false information provided to him/her by Defendants was justifiable.

53. Each Plaintiff's reliance upon the false information provided to him/her by Defendants caused each Plaintiff to incur financial damage.

54. At all times relevant times, Defendants' agents and/or managers acted within the scope of their responsibilities and authority as an authorized agent of Defendants, so that their actions imputed to Defendants.

55. Each Plaintiff is entitled to recover his/her damages from Defendants, in a sum in excess of fifteen thousand dollars ($15,000.00).

56. Each Plaintiff is entitled to recover punitive damages because Defendants' negligent actions were based upon actual malice, willful and wanton conduct, and/or a reckless or wanton disregard for each Plaintiff's rights.

## FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

57. Paragraphs 1 through 55 above are realleged and incorporated herein by reference.

58. The actions of the Defendants towards each Plaintiff, as alleged above,

9

constituted extreme and outrageous conduct.

59. The actions of the Defendant towards each Plaintiff, as alleged above, were intended to cause and did cause each Plaintiff severe emotional distress.

60. Defendants ratified the extreme and outrageous conduct of its manager(s) towards each Plaintiff.

61. The emotional distress suffered by each Plaintiff due to Defendants' actions included, but was not limited to, panic attacks, depression, insomnia and severe anxiety.

62. Each Plaintiff is entitled to recover his/her damages from Defendants, in a sum in excess of fifteen thousand dollars ($15,000.00).

63. Upon information and belief, Defendants' officers, directors and/or managers participated in or condoned Defendants' fraudulent and/or willful and wanton conduct, as alleged herein, so that each Plaintiff is entitled to recover punitive damages from Defendants.

## FIFTH CLAIM FOR RELIEF
(Negligent Retention)

64. Paragraphs 1 through 62 above are realleged and incorporated herein by reference.

65. Michael Chuong engaged in extreme and outrageous conduct towards each Plaintiff throughout his/her respective employment at AN. On information and belief, Mr. Chuong has engaged in similar behavior at previous places of employment.

66. Defendants acted negligently by hiring and continuing to employ Michael Chuong as one of the Plaintiffs' supervisors, even after they had actual or constructive notice of Mr. Chuong's extreme and outrageous behavior, which occurred throughout each Plaintiff's employment.

67. As a direct and proximate cause of Defendants' negligent behavior: (i) each

Plaintiff suffered severe emotional distress; (ii) Plaintiffs Cliff Elliott, Aaron Buckner, Alison Butler and Chad Goudy were terminated and/or constructively discharged from their employment at AN; and (iii) otherwise suffered damages as previously alleged herein.

68. Each Plaintiff is entitled to recover his/her damages from Defendants, in a sum in excess of fifteen thousand dollars ($15,000.00).

69. Each Plaintiff is entitled to recover punitive damages because Defendants' negligent actions were based upon actual malice, willful and wanton conduct, and/or a reckless or wanton disregard for each Plaintiff's rights.

## SIXTH CLAIM FOR RELIEF
(Negligent Supervision)

70. Paragraphs 1 through 68 above are realleged and incorporated herein by reference.

71. Michael Chuong engaged in extreme and outrageous conduct towards each Plaintiff throughout his/her respective employment at AN.

72. Defendants acted negligently by failing to properly supervise Mr. Chuong and ensure that he did not commit torts and other unlawful acts against each Plaintiff, even after they had actual or constructive notice of Mr. Chuong's extreme and outrageous behavior, which occurred throughout each Plaintiff's employment.

73. As a direct and proximate cause of Defendants' negligent behavior: (i) each Plaintiff suffered severe emotional distress; (ii) Plaintiffs Cliff Elliott, Aaron Buckner, Alison Butler and Chad Goudy were terminated and/or constructively discharged from their employment at AN; (iii) each Plaintiff was otherwise damaged as previously alleged herein.

74. Each Plaintiff is entitled to recover his/her damages from Defendants, in a sum in excess of fifteen thousand dollars ($15,000.00).

75. Each Plaintiff is entitled to recover punitive damages because Defendants' negligent actions were based upon actual malice, willful and wanton conduct, and/or a reckless or wanton disregard for each Plaintiff's rights.

## SEVENTH CLAIM FOR RELIEF
(Breach Of Contract)

76. Paragraphs 1 through 74 above are realleged and incorporated herein by reference.

77. In exchange for each Plaintiff accepting employment with Defendants as a waiter/waitress, Defendants promised each Plaintiff, among other things, that: (i) he/she would earn at least $40,000 a year due to the amount of wages and tips he/she would receive; and (ii) he/she would otherwise be paid in accordance with federal and state wage and hour laws.

78. Defendants breached their agreement with each Plaintiff by, among other things: (i) failing to pay each Plaintiff at least $40,000 a year; and (ii) failing to pay each Plaintiff in accordance with federal and/or state wage and hour laws.

79. Each Plaintiff was damaged as a direct and proximate result of Defendants' breach, as alleged herein.

80. Each Plaintiff is entitled to recover his/her damages from Defendants, in a sum in excess of fifteen thousand dollars ($15,000.00).

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Grant a jury trial on all issues so triable;

b. Enter judgment against Defendants and in favor of each Plaintiff for damages against Defendants under the First Claim for Relief in an amount equal to the total amount of unpaid wages and tips that are due to each Plaintiff, plus an equal

additional amount as liquidated damages plus interest as provided by law;

c. Enter judgment against Defendants and in favor of each Plaintiff for damages against Defendants under the Second (Alternative) Claim for Relief in an amount equal to the total amount of unpaid wages and tips that are due to each Plaintiff, plus an additional amount as liquidated damages, plus interest as provided by law;

d. Enter judgment against Defendants and in favor of each Plaintiff on the Third through Seventh Claims for Relief and award each Plaintiff compensatory and punitive damages, plus interest and other relief as provided by law;

e. Award each Plaintiff the costs of this action against Defendants;

f. Award each Plaintiff reasonable attorneys' fees against Defendants as provided by the applicable law;

g. Aware pre-judgment and post-judgment interest at the highest amount authorized by the applicable law; and

h. Award such other relief as may be just and proper.

This the 23rd day of November, 2010.

Respectfully submitted,

THE NOBLE LAW FIRM

*/s/ Laura Noble*

Laura Noble, Esq. (NC Bar No. 38691)
Nicholas J. Sanservino, Jr., Esq. (NC Bar No. 36557)*
115 East Main Street
Durham, N.C. 27701
Telephone: (919) 251-6008
Facsimile: (919) 869-2079
ln@thenoblelaw.com
nick@thenoblelaw.com
* Of Counsel to The Noble Law Firm

*Attorneys For Plaintiffs*